WRAY *et al. v.* BOLIVAR COUNTY.

(Division A. Jan. 7, 1924.)

[98 South. 447. No. 23780.]

1. TAXATION. *Schedule of tax collectors' compensation applies to each calendar year.*

   Under chapter 160, Laws of 1922, section 3, the schedule of compensation to tax collectors has application to each calendar year, January 1st to January 1st.

2. TAXATION. *Tax collectors' compensation not allowable separately for each judicial district.*

   Under the same act, compensation to tax collectors for collection of taxes is not allowable separately for each judicial district of the county.

3. TAXATION. *Amount tax collector may deduct for commissions stated.*

   Under the same act (section 2) the commissions allowed the tax collector for collecting taxes of county and districts therein are to be deducted on a basis of the aggregate or whole amount of taxes collected from these sources, prorated against the respective funds in proportion to the amounts thereof.

APPEAL from chancery court of Bolivar county, Second District.

HON. C. L. LOMAX, Chancellor.

Suit between E. H. Wray and others and Bolivar county. From the decree rendered, the former appeal. Affirmed.

*Walton Shields,* for appellant.

This appeal presents only questions of law, there being no dispute as to the facts. The appellant Wray is the sheriff and tax collector of Bolivar county, and the appellant, the United States Fidelity and Guaranty Company, is the surety on his bond as tax collector.

The appellants claim that Wray, as tax collector of Bolivar county, is entitled to deduct from the taxes collected by him the following commissions thereon: Five per cent. of the first ten thousand dollars of county taxes, two per cent. on the next forty thousand dollars of county taxes, and one per cent. on all in excess of fifty thousand dollars of county taxes: Also five per cent. of the first ten thousand dollars of taxes collected for each road taxing district and two per cent. on the next forty thousand dollars of taxes collected for each road taxing district and one per cent. on all in excess of fifty thousand dollars of taxes collected for each road taxing district: Also five per cent. of the first ten thousand dollars of taxes collected for each consolidated school district and two per cent. on the next forty thousand dollars of taxes collected for each consolidated school district and one per cent. on all in excess of fifty thousand dollars of taxes collected for each consolidated school district: Also five per cent. of the first ten thousand dollars of taxes collected for each drainage district and two per cent. on the next forty thousand dollars of taxes collected for each drainage district and one per cent. on all in excess of fifty thousand dollars of taxes collected for each drainage district.

The appellants also claim that, as there are two judicial districts in Bolivar county the above compensation is for each judicial district separately. Both of the above claims were disallowed by the lower court.

The court allowed the claim of the appellants that the taxes collected by Wray in December, 1922, were, for the purpose of considering the commissions he was entitled to deduct therefrom, separate and apart from the taxes collected during the year 1923. See *Adams* v. *Coker,* 85 Miss. 222.

The court decreed that the appellant Wray was entitled to deduct from the taxes collected by him five per cent. on the first ten thousand dollars of the total tax collections for the month of December, 1922, and two per cent. on the excess thereof up to fifty thousand dollars and one per cent. on the excess thereof over fifty thousand dollars and also five per cent. on the first ten thousand dollars of the total tax collections for the year 1923 and two per cent. on the excess thereof up to fifty thousand dollars and one per cent. on the excess thereof over fifty thousand dollars.

The court, in other words, construed chapter 160 of the Laws of 1922, and particularly section 2 thereof, as meaning that in determining what commissions the tax collector of Bolivar county was entitled to deduct from the taxes collected by him, that all the taxes collected during one calendar year should be considered as a whole, that is that the county taxes and the taxes collected from each road taxing district and from each consolidated school district and from each drainage district should be totaled and that from this total the tax collector should deduct five per cent. from the first ten thousand dollars which would be five hundred dollars and two per cent. from the next forty thousand dollars, which would be eight hundred dollars and one per cent. from all in excess of fifty thousand dollars and that this method should be followed for each calendar year.

I wish to direct the attention of the court to the Laws in force, with reference to the compensation allowed tax collectors, prior to the act of 1922. In section 466, Code of 1880, the following language is used with reference to commissions for taxes other than state taxes, "five per cent. on the first ten thousand dollars of county taxes, collected in any one year including school, bond and privilege taxes, and three per cent. on all sums over that amount."

In section 2020, Code of 1892, the following language is used: "And the following to be paid to the county: Five per centum on the first ten thousand dollars or less of county taxes, (and in the counties containing two judicial districts, five per centum in each district on said amount) collected and paid over in any one year, including all taxes levied by the county, but excluding the two dollar state poll taxes; and three per centum on all sums thereof over ten thousand dollars so collected and paid."

In section 2196, Code of 1906, the following language is used: "Each tax collector shall be allowed as compensation for his services the following fees and commissions, to be paid by the county: Five per centum on the first ten thousand dollars or less of county taxes, and in counties containing two judicial districts five per centum in each district on said amount collected and paid over in any one year including all taxes levied by the county but excluding the two dollar state poll tax; and three per centum on all sums thereof over ten thousand dollars so collected and paid."

Under the Act of January 27, 1877, tax collectors were allowed as commissions for levee tax collections three per cent on said collections. Under section 1704, Code of 1906, the county treasurer collected drainage district taxes for a commission not to exceed two per cent. This was amended by chapter 191, Laws of 1910, which provided that the tax collector should collect the drainage taxes. Under chapter 197, Laws of 1912, the tax collector was allowed a commission of one per cent for collecting

drainage district taxes. Under section 1881, Hemingway's Code (chapter 274, Laws of 1914) tax collectors were allowed one-half of one per cent on all money collected for all drainage districts.

Road taxing districts were authorized to be organized for the first time under the laws of 1910 and, thereafter, by laws of subsequent years, and in some of the subsequent acts the compensation allowed the tax collector for collecting road taxes for road taxing districts was fixed at one per cent and in orders at one-half of one per cent.

Consolidated school districts were authorized for the first time under the Laws of 1910 and then by chapter 255, Laws of 1912, and subsequent acts, the taxes therefor to be collected by the tax collectors.

Chapter 122 of the Laws of 1920, which amended a prior act of 1916 placing county officers on a salary provided that all fees and commissions received by the tax collector should be paid by him into the proper treasury except that under the last clause of section 10 thereof the tax collector was allowed to retain as commission three per cent of all levee taxes collected by him provided his total commissions for such collections did not exceed two thousand dollars for any one year.

Chapter 160 of the Laws of 1922, restored the fee system for sheriffs and tax collectors and the other county officers named therein, the fees and commissions of tax-collectors being fixed as they existed on the first Monday in January, 1916, under the conditions imposed by the act and section 2, of said chapter 160, expressly amended section 2196 of the Code of 1906 and section 3 provided that the sheriffs and tax collectors should continue to receive the salaries named in said section 3 until December 1, 1922, and that from December 1, 1922, they should receive the fees and commissions fixed by section 2 of the Act. Section 7 of said chapter 160 expressly repealed the previous acts placing the county officers named on a salary basis and also expressly repealed all other acts in

conflict with said chapter 160 in so far as they conflicted therewith.

In the Codes of 1906 and 1892 it is expressly provided that the fees and commissions allowed the tax collector are fixed on the following basis: Five per centum on the first ten thousand dollars or less of county taxes, including all taxes levied by the county, and three per centum on all sums thereof over ten thousand dollars. It is further provided that the above-named fees and commissions are to be paid by the county.

If the legislature of 1922 had intended to fix the compensation of the tax collector on a similar basis, similar language would have been used to express such an intent. How easy this would have been.

The word *"pro rata"* is a word of relative meaning and means "in proportion." It is always used in connection with something else named as fixing the proportion. The context must show what the proportion is.

The proportion has been fixed in the previous paragraphs as five per cent. of the first ten thousand dollars of all county taxes, and two per cent. of the next forty thousand thereof, and one per cent. on the excess thereof over fifty thousand dollars, and as five per cent. on the first ten thousand dollars of the taxes of a taxing district, and two per cent. of the next forty thousand dollars thereof, and one per cent. on the excess thereof over fifty thousand dollars, and so with each drainage district. As to the word *"pro rata"* we refer the court to 6 Words and Phrases, pp. 5615-16, and to the cases of *Chaplin* v. *Griffin*, Ann. Case 1918 C., page 787 and notes; *State* v. *Hamilton*, 69 Miss. 116; *Brombachers* v. *Berking*, 39 Atl. 134.

Any other construction would render it impossible for the tax collector to comply with the provisions of section 6994 of Hemingway's Code, which provides that the tax collector shall make monthly reports to the clerk of the board of supervisors of all taxes collected by him and that he shall, with the report, pay over all taxes to the county

treasurer which should be paid to the county treasurer.

If the construction of the statute contended for by appellants is correct, the tax collector has a sure guide by which he can make the reports and pay over the money. All he has to do is to deduct in the proportion named his commissions from the county fund and from each taxing district fund. But if he has to wait until the taxes for the entire period of accounting are paid (and he must necessarily do that before he can know the total amount of all the taxes collected) before he can fix the average percentage of the commissions on the entire taxes, he will not know what amount to deduct from each fund at the time he is required to make his monthly settlement.

If it should be said that the tax collector should estimate his commissions on each monthly collection, taking the total for the first month of all the tax collections, and deduct five per cent from the first ten thousand dollars and two per cent from the next forty thousand dollars and one per cent from the excess over fifty thousand dollars and then should compute therefrom what proportion of the total amount of the commissions for the month should be deducted from each fund, at the end of the year it would be found that one fund had paid a much greater sum for the collection of the taxes of that fund than had been paid by another fund based on no fixed proportion whatever, where as the statute provides that the commissions shall be deducted *pro rata* or in proportion from each fund.

As to the year when the tax collector should begin to compute his commission, the lower court decreed it was a calendar year beginning January 1, and not the fiscal year. Of course it is immaterial to a tax collector who holds during both years which construction is correct. But it is very important to the tax collector who will take his oath of office in January, 1924, whether the calendar year determines the matter or the fiscal year, beginning

during the term of his predecessor. This question arises on a cross-appeal. However it seems to me that the case of *Adams* v. *Coker,* referred to above is decisive of this question.

*Clark, Roberts & Hallam,* for appellee.

As stated in the brief of appellants, this appeal presents only questions of law, there being no dispute as to the facts. The appeal involves an interpretation of chapter 160 of the Laws of 1922, which refers to the fees and commissions allowed to the tax collector under said chapter 160 of the Laws of 1922. There are three questions involved in the appeal and cross appeal which must necessarily be presented to this court for determination: First, an interpretation of sections 1 and 2 of said chapter 160 of the Laws of 1922, with special reference to the rate of commission allowable to the tax collector for his services in making tax collections and the proportion of said fees and commissions which is to be deducted from the funds constituting the amounts collected from taxes distinctively county and from taxes collected from taxing and drainage district funds; second, an interpretation of section 3 with reference to the question as to whether the tax collector's fees shall be based on the calendar or fiscal year; and third, whether the tax collector shall be allowed to deduct his fees from each judicial district of Bolivar county, Mississippi, separately or whether all fees and commissions collected from the two judicial districts shall be considered together and only one allowance of fees made to the tax collector.

Chapter 160 of the Laws of 1922, amends section 2196 dealing with the fees and commissions of the collectors for the collection of taxes as stated in the caption of said Act. The sections of said Act which have special application to this appeal are sections 1, 2 and 3. The said fees and commissions on county and taxing district and drainage district taxes shall be deducted *pro rata* from each of

the funds constituting the amounts collected whether county or levee district or other taxing or drainage district funds.

The sheriffs and tax collectors shall begin to receive the fees in full compensation for their services as fixed by section 2 of this act, December 1, 1922, the salaries of the sheriffs and tax collectors and the deputies of sheriffs and tax collectors shall continue as fixed by chapter 122 of the Acts of 1920 until the first day of December, 1922.

The contention of appellants as set forth in their brief is that the tax collector of Bolivar county, Mississippi, is entitled to deduct from the taxes collected by him, five per cent. of the first ten thousand dollars of county taxes, two per cent. of the next forty thousand dollars of county taxes, and one per cent. on all in excess of fifty thousand dollars of county taxes, and also five per cent. of the first ten thousand dollars of taxes collected for each road taxing district and two per cent. on the next forty thousand dollars of taxes collected for each road taxing district and one per cent. on all in excess of fifty thousand dollars of taxes collected for each road taxing district; likewise for the taxes collected for each consolidated school district; and likewise for taxes collected for each drainage district.

The contention of appellee is that tax collector shall be allowed to deduct for his services in making tax collections, five per cent. on the first ten thousand dollars of all county and taxing district and drainage district taxes collected, two per cent. on the excess over ten thousand dollars of county and taxing district and drainage district taxes collected but not exceeding forty thousand dollars, and one per cent. on all county and taxing district and drainage district taxes collected in excess of fifty thousand dollars; and in interpreting the rate of fees and commissions, appellee claims that the five per cent. commission allowed on the first ten thousand dollars refers to the first ten thousand dollars of the aggregate of county

and taxing district and drainage district taxes and not the said funds taken separately, and likewise with the two per cent. and one per cent. rate as referred to in the Act.

Chapter 160 of the Laws of 1922 as above set forth amends section 2196 of the Code of 1906; and by the first section of said Act, it is provided that the fees, commissions and salaries of the officers mentioned in the title of this Act as they existed on the first Monday in January, 1916, are restored under the conditions imposed in the · succeeding sections of the Act, and it is further provided that such officers shall be paid exclusively from the fees, commissions and salaries as set forth in the various sections of said Act.

It will be noted that the verbiage of said section 2 of chapter 160 of the Laws of 1922 is different in many re-spects from that of section 2196 of the Code of 1906, which is amended by said section 2. In section 2196 of the Code of 1906, the compensation for the services of the tax col-lector is to be paid by the county. In section 2 of chapter 160 of the Laws of 1922, the tax collector is allowed to deduct for his services, the fees and commissions men-tioned in said section 2.

In section 2196, it is provided that in counties contain-ing two judicial districts, the five per centum mentioned in section 2196 shall be applied in each district on said amount collected, but section 2 of chapter 160 leaves out the application of the five per cent to the two judicial dis-tricts.

The brief of appellants refers to the case of the *State* v. *Cornell,* 75 N. W. 25, as an authority for his contention. A careful reading of said case will lead the court directly to the conclusion that said authority is one of the strong-est authorities in favor of the contention of the appellee. In that case, the county treasurer contended that he was entitled to ten per cent. commissions on the first three thousand dollars of state taxes and a like percentage on

the first three thousand dollars of county moneys collected by him for each fiscal year. The statute interpreted in that case was section 20, chapter 28, Comp. St. 1897, of the Laws of Nebraska and provides: "Each county treasurer shall receive for his services, the following fees: On all moneys collected by him for each fiscal year under three thousand dollars, ten per cent. For all sums over three thousand dollars and under five thousand dollars, four per cent. On all sums over five thousand dollars, two per cent. On all sums collected, percentage shall be allowed but once; and in computing the amount collected for the purpose of charging percentage, all sums, from whatever funds derived, shall be included together except the school fund.

Appellee contends that the fiscal system of the state of Mississippi demands that the question of tax collector's fees shall be based upon the fiscal year. Under the laws of Mississippi, taxes are levied on the First Monday in November and collections are required from the date of levy until February 1st without becoming delinquent. Under the Constitution, the fiscal year of the state of Mississippi begins on October 1st and ends on September 30th of the next succeeding year. The taxes collected after the tax levy in November are intended for the purpose of defraying the expenses of the county during the following fiscal year under the budget-system now in force in the State of Mississippi; and so far as the fees allowed to tax collectors are concerned, and especially the fees to be allowed to the appellants in this case, there would be no difference in the amounts, because under section 3 of chapter 160 of the Laws of 1922, he began to receive his fees in full compensation of his services under this Act December 1, 1922; and if said fees should become computed according to the calendar year as held in the present case by the lower court, the fees allowed in section 2 of the said chapter 160 would be computed upon the tax collections

made during the month of December, 1922, and for the year 1923 the fees would be computed upon all amounts collected from January 1, until the close of the year. As above stated, it will not make any difference to the present tax collector but it would probably make a difference with the succeeding tax collectors. And that the court may pass upon this matter, a cross-appeal has been taken. The only case bearing upon this question is the case of *Adams* v. *Coker*, 85 Miss. 222, which is easily distinguishable,· the whole act here under consideration referring to fiscal matters. Smallwood was to receive not over one thousand dollars per calendar year.

With reference to the third proposition as to whether the tax collector shall be allowed to collect his fees from each judicial district of Bolivar county separately or whether all fees and commissions shall be collected from the aggregate of the taxes collected from the two judicial districts, we simply refer to chapter 160 of the Laws of 1922, as a complete answer.

It would further appear that in order to arrive at the intention of the legislators in the enactment of chapter 160 of the Laws of 1922, it is only necessary to make a comparison of the verbiage of section 2196 of the Code of 1906, with that of section 2 which amends said section 2196; and it would further appear that it was the intention of the legislators in enacting said section 2 of chapter 160 of the Laws of 1922 to exclude therefrom the allowance for each judicial district. And we submit that section 1891 of Hemingway's Code does not apply as an addition to said section 2 of chapter 160 of the Laws of 1922 and cannot apply until the board of supervisors shall have exercised their discretion in making said section effective.

Argued orally by *Walton Shields* for appellant, and by *J. C. Roberts* for appellee.

HOLDEN, J., delivered the opinion of the court.

This is a suit in chancery between Bolivar county and E. H. Wray, its sheriff and tax collector, involving the amount of commissions the tax collector is entitled to deduct from the taxes collected by him in the county.

The appellant Wray, as tax collector of Bolivar county, claims that he is entitled to deduct from the taxes collected by him the following commissions thereon (quoting from appellant's brief):

"Five per cent. on the first ten thousand dollars of county taxes, two per cent. on the next forty thousand dollars of county taxes, and one per cent. on all in excess of fifty thousand dollars of county taxes; also five per cent. of the first ten thousand dollars of taxes collected for each road-taxing district and two per cent. on the next forty thousand dollars of taxes collected for each road-taxing district and one per cent. on all in excess of fifty thousand dollars of taxes collected for each road-taxing district; also five per cent. on the first ten thousand dollars of taxes collected for each consolidated school district and two per cent. on the next forty thousand dollars of taxes collected for each consolidated school district and one per cent. on all in excess of fifty thousand dollars of taxes collected for each consolidated school district; also five per cent. of the first ten thousand dollars of taxes collected for each drainage district and two per cent. on the next forty thousand dollars of taxes collected for each drainage district and one per cent. on all in excess of fifty thousand dollars of taxes collected for each drainage district.

"The appellants also claim that, as there are two judicial districts in Bolivar county, the above compensation is for each judicial district separately.

"Both of the above claims were disallowed by the lower court."

The controversy involves the construction of chapter 160, Laws of 1922, and particularly section 2 thereof, which is as follows:

"Sec. 2.  Section 2196 of the Code of 1906 is amended to read as follows:  Each tax collector shall be allowed to deduct for his services in making tax collections the following fees and commissions:

"Five per cent. on all privilege taxes and poll taxes and commutation road taxes collected.

"Five per cent. on the first ten thousand dollars of state taxes collected.

"Two per cent. on the excess of state taxes collected over ten thousand dollars but not on exceeding forty thousand dollars.

"One per cent. on the excess of state taxes collected over fifty thousand dollars.

"Five per cent. on the first ten thousand dollars of all county and taxing district and drainage district taxes collected.

"Two per cent. on the excess over ten thousand dollars of county and taxing district and drainage district collected, but not on exceeding forty thousand dollars.

"One per cent. on all county and taxing district and drainage district taxes collected in excess of fifty thousand dollars.

"The said fees and commissions on county and taxing district and drainage district taxes shall be deducted pro rata from each of the funds constituting the amounts collected whether county or levee district or other taxing or drainage district funds."

Section 3 of the act reads in part as follows:  "The sheriffs and tax collectors shall begin to receive the fees in full compensation for their services as fixed by section 2 of this act, December 1, 1922, the salaries of the sheriffs and tax collectors and the deputies of sheriffs and tax collectors shall continue as fixed by chapter 122 of the acts of 1920 until the first day of December, 1922."

The lower court construed chapter 160, Laws of 1922, and particularly section 2 thereof, as meaning that in determining what commissions the tax collector of Bolivar county was entitled to deduct from taxes collected by him, that all the taxes during each calendar year should be considered as a whole—that is, that the county taxes and the taxes collected from each road-taxing district and from each consolidated school district and from each drainage district should be totaled—and that from this total the tax collector should deduct five per cent. from the first ten thousand dollars, which would be five hundred dollars, and two per cent. from the next forty thousand dollars which would be eight hundred dollars, and one per cent. from all in excess of fifty thousand dollars, and that this method should be followed for each calendar year.

Three questions are presented for our determination on the direct and cross-appeal:

First, whether the tax collector under sections 1 and 2 of the said chapter 160, Laws of 1922, is entitled to deduct five per cent. as commissions on the first ten thousand dollars of all county taxes, and also on each taxing district and each drainage district taxes collected, and two per cent. on the excess over ten thousand dollars of each county and taxing district and drainage district taxes collected, and one per cent. on all in excess of fifty thousand dollars, on each amount of taxes collected; or whether the commission must be deducted on the aggregate amount of taxes collected from the county and all taxing districts and drainage districts therein. In other words, the tax collector claims that he is entitled to charge as commissions the schedule of five per cent, on the first ten thousand dollars, two per cent. on the excess over ten thousand dollars, and one per cent. on excess over fifty thousand dollars, as a distinct charge against each separate fund collected, instead of deducting the schedule of

commissions from the aggregate or whole amount of taxes collected by him from all of these sources.

Second, the appellant tax collector claims that as there are two judicial districts in Bolivar county the compensation fixed for the collection of taxes is to apply to each judicial district separately.

And the third point raised on cross-appeal is an interpretation of section 3 of the act with reference to the question as to whether the tax collector's fees shall be based on the calendar or fiscal year.

We shall dispose of the last two questions first. After a careful consideration of the language of the act, we are convinced the legislature had in mind the calendar year, which runs from January 1st to January 1st, and the schedule of commissions is to apply to each year.

We see no merit in the contention that the tax collector is entitled to collect his commissions separately from each judicial district. There is no warrant in the statute justifying such contention. Previous statutes which have been repealed by the present act may have authorized separate collections in two judicial districts, but such provision does not appear in the statute now before us, and there is no claim that the board of supervisors in their discretion have allowed the collection of the double-fees, where there are two judicial districts, as provided elsewhere.

The main question in the case as to what amount of commissions the collector should be allowed to deduct from the taxes he collects must be determined by an interpretation of the language of that part of section 2 which provides that the tax collector shall be allowed to deduct "five per cent. on the first ten thousand dollars of all county and taxing district and drainage district taxes collected," etc. The question is whether this commission is to be computed and allowed on each separate fund collected for the county and the many taxing districts and drainage districts, or whether the total amount of all

taxes collected for the county and all districts therein shall be the basis, as a whole, for the deductions of the five per cent. on the first ten thousand dollars, two per cent. on the excess over ten thousand dollars, and one per cent. on all taxes collected in excess of fifty thousand dollars.

We think the statute means the commissions deducted shall be upon the basis of the whole amount of taxes collected by the collector, and not upon the basis of the separate collections from each taxing district and county. That is to say, the tax collector is entitled to deduct for his services in making tax collections five per cent. on the first ten thousand dollars of all county and district taxes inclusive, two per cent. on the excess over ten thousand dollars, but not on exceeding forty thousand dollars, and one per cent. on all taxes collected in excess of fifty thousand dollars, during each calendar year.

We have given careful consideration to the arguments presented by the appellant tax collector urging the contrary view, but we are convinced the interpretation contended for is not maintainable when the act is considered in all of its parts, together with the previous history of legislation on the subject, and the unreasonable results that would follow from such a construction.

The appellant urges that the act meant to allow the collector separate commissions upon each of the different funds of taxes collected, and argues that the latter part of section 2 clearly indicates this intent when it says:

"The said fees and commissions on county and taxing district and drainage district taxes shall be deducted *pro rata* from each of the funds constituting the amounts collected whether county or levee district or other taxing or drainage district funds."

But we think the provision referred to bears against the contention of appellant and favors the opposite construction of the act which we have announced. The provision that the commissions for collecting the taxes shall be deducted *pro rata,* or in proportion to the respective

amounts from each of the funds constituting the amounts collected, leads us to believe the legislature could have only intended the basis of commissions should be upon the aggregate or whole amount of taxes collected from all sources named in the county, and that each fund should bear its proportionate amount of the expenses of collections; otherwise we see no reason for the enactment of the provision. That this *pro rata* scheme of paying the commissions for the collection of the different taxes of the county will make it difficult for the tax collector to render an accurate monthly report of his collections is not sufficiently persuasive to justify the view presented by the appellant.

The decree of the lower court is affirmed on both direct and cross-appeal.

*Affirmed.*